

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

**In re:  BAYCOL PRODUCTS LITIGATION**          **MDL NO. 1431 (MJD/JGL)**

**This Document Relates to the following case:**

---

| | | |
|---|---|---|
| JAMES A. POOLE | § | Court File No. 04-CV-00346-MJD |
| | § | |
| VS. | § | Transferred from: |
| | § | |
| BAYER CORPORATE, a wholly | § | Civil Action No. 1:03-CV-00759-HC |
| owned subsidiary of BAYER AG | § | Eastern District of Texas, |
| (DR. DAVID WASSERMAN), ET AL. | § | Beaumont Division |

---

### DEFENDANT, DR. DAVID WASSERMAN'S, ORIGINAL ANSWER

---

TO THE HONORABLE JUDGE OF SAID COURT:

   **COMES NOW,** DR. DAVID WASSERSMAN, a Defendant in the above-entitled and numbered cause, files and makes this his Original Answer, and in support thereof would respectfully show the Court as follows:

### FIRST DEFENSE

   1.    Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendant asserts the defense of lack of jurisdiction over the subject matter.

### SECOND DEFENSE

   2.    Pursuant to Federal Rule of Civil Procedure 12(b)(3), Defendant asserts improper venue.  Defendant asserts that venue is improper in the present cause before this Court for the reason that Plaintiff cannot establish that proper venue existed prior to the time at which these claims were removed to federal court.  Defendant specifically pleads that Travis or Williamson rather than Orange County was the county of proper venue in the forum in which this suit was originally brought.  Plaintiff, however, filed suit



E-SERVED
04/19/04
04:51 PM ET
Baycol MDL 1431

in Orange County, and did so despite the fact that such was not a county of proper venue as to this Plaintiff under the general venue rule.  Orange County is not (1) the county in which all or a substantial part of the events giving rise to Plaintiff's claim occurred, (2) the county of Defendant's residence at the time the cause of action accrued, or (3) the county of Defendant's principal office in this state.  *See* Tex. Civ. Prac. & Rem. Code, §15.002.  As such, state law would have required transfer had the action remained in state court.

3.     While this cause was removed to this Court pursuant to 28 U.S.C.A. §1441(a) which provides that any civil action brought in a State court may be removed to the district court of the United States for the district and division embracing the place where such action is pending, §28 U.S.C.A. §1406(a) governing the cure or waiver of defects in venue, provides that "the district court of a district in which is filed a case laying venue in the wrong division or district shall . . . transfer such case to any district or division in which it could have been brought."   28 U.S.C.A. §1406(a).  Because Orange County was not a proper venue in state court, and because this cause was removed to the United States District Court for the Eastern District of Texas, Beaumont Division only due to the provisions of 28 U.S.C.A. §1441, this case now resides in a district and division that is improper.  Under the terms of U.S.C.A. §1406, Plaintiff's case should, therefore, be severed and transferred out of the United States District Court for the Eastern District of Texas, Beaumont Division to the United States District Court for the Western District of Texas, Austin Division



**THIRD DEFENSE**

4.     Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant asserts that Plaintiff has failed to state a claim upon which relief can be granted from or against Defendant.

**FOURTH DEFENSE**

**I.  STATEMENT OF THE PARTIES – SHORT FORM PETITION**

5.     The introductory paragraph of Plaintiff's Short Form Petition contains no legal allegations or requests for relief to which a responsive pleading is required.

6.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 1 of Plaintiff's Short Form Petition.

7.     Defendant admits that Bayer Corporation was in the business of manufacturing Baycol.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 2 of Plaintiff's Short Form Petition.

8.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 3 of Plaintiff's Short Form Petition.

9.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 4 of Plaintiff's Short Form Petition.

10.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 5 of Plaintiff's Short Form Petition.

11.     Defendant denies that he is a resident of Travis County, Texas as alleged in paragraph 6 of Plaintiff's Short Form Petition.  Defendant admits he was a physician doing business in Travis County, Texas.  Defendant denies that he was a distributor,



seller or co-promoter of Baycol.   Defendant admits his principal place of office was 15808 Hwy. 620 N., Suite 100, Austin, Texas  78717, in Travis County.

## II.  VENUE – SHORT FORM PETITION

12.    Defendant denies that venue is proper in Orange County, Texas. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 7 of Plaintiff's Short Form Petition.

13.    Paragraph 8 of Plaintiff's Short Form Petition contains no legal averments or requests for relief to which a responsive pleading is required.

## III.  STATEMENT OF FACTS – SHORT FORM PETITION

14.    To the extent the averments contained in paragraph 9 of Plaintiff's Short Form Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 9.

15.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 10 of Plaintiff's Short Form Petition.

16.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 11 of Plaintiff's Short Form Petition.

17.    In paragraph 12 of Plaintiff's Short Form Petition, Defendant is without knowledge or information sufficient to form a belief as to the truth of whether Baycol was prescribed by this defendant to the extent such prescription is not reflected in plaintiff's medical records.

## I.  STATEMENT OF THE CASE – MASTER PETITION

18.    The introductory paragraph of Plaintiff's Master Petition contains no legal allegations or requests for relief to which a responsive pleading is required.



19.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 1 of Plaintiff's Master Petition.

## II.  STATEMENT OF THE PARTIES – MASTER PETITION

20.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 2 of Plaintiff's Master Petition.

21.     Defendant admits that Bayer Corporation was in the business of manufacturing Baycol.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 3 of Plaintiff's Master Petition.

22.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 4 of Plaintiff's Master Petition.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 5 of Plaintiff's Master Petition.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 6 of Plaintiff's Master Petition.

25.     Defendant admits that he is a resident and maintains a place of business in Texas as alleged in paragraph 7 of Plaintiff's Master Petition.

26.     To the extent the averments contained in paragraph 8 of Plaintiff's Master Petition are directed at this Defendant, they are denied.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 8.

27.     Paragraph 9 of Plaintiff's Master Petition contains no legal allegations or requests for relief to which a responsive pleading is required.



### III.  JURISDICTION – MASTER PETITION

28.     Defendant admits that he is a resident of Texas. Defendant denies he has committed torts in Texas.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 10 of Plaintiff's Master Petition.

### IV.  VENUE – MASTER PETITION

29.     Defendant denies that venue is proper in Orange County, Texas. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 11 of Plaintiff's Master Petition.

### V.  STATEMENT OF FACTS – MASTER PETITION

30.     Defendant denies any tortuous conduct related to Baycol.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 12 of Plaintiff's Master Petition

31.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 13 of Plaintiff's Master Petition.

32.     To the extent the averments contained in paragraph 14 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 14.

33.     To the extent the averments contained in paragraph 15 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 15.



34.     To the extent the averments contained in paragraph 16 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 16.

35.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 17 of Plaintiff's Master Petition.

36.     Defendant denies the averments contained in paragraph 18 of Plaintiff's Master Petition.

37.     To the extent the averments contained in paragraph 19 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 19.

## VI.  COUNT ONE - STRICT PRODUCTS LIABILITY
## MASTER PETITION

38.     Paragraph 20 of Plaintiff's Master Petition contains no legal allegations or requests for relief to which a responsive pleading is required.

39.     To the extent the averments contained in paragraph 21 of Plaintiff's Master Petition are directed at this Defendant, they are denied.

40.     Defendant denies engagement in the business of manufacturing, testing, marketing, distributing and selling Baycol as alleged in paragraph 22 of Plaintiff's Master Petition.  Defendant is a physician.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 22.

41.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 23 of Plaintiff's Master Petition.



42.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 24 of Plaintiff's Master Petition.

43.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 25 of Plaintiff's Master Petition.

44.     Defendant denies the averments contained in paragraph 26 of Plaintiff's Master Petition.

45.     Defendant denies the averments contained in paragraph 27 of Plaintiff's Master Petition.

## VII.  COUNT TWO – NEGLIGENCE AND GROSS NEGLIGENCE
## MASTER PETITION

46.     Paragraph 28 of Plaintiff's Master Petition contains no legal allegations or requests for relief to which a responsive pleading is required.

47.     Paragraph 29 of Plaintiff's Master Petition contains no legal allegations or requests for relief to which a responsive pleading is required.

48.     To the extent the averments contained in paragraph 30 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 30.

49.     To the extent the averments contained in paragraph 31 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 31.

50.     To the extent the averments contained in paragraph 32 of Plaintiff's Master Petition are directed at this Defendant, they are denied



51.     Defendant denies the averments contained in paragraph 33 of Plaintiff's Master Petition.

## VIII.  <u>COUNT THREE – NEGLIGENT MISREPRESENTATION</u> <u>MASTER PETITION</u>

52.     Paragraph 34 of Plaintiff's Master Petition contains no legal allegations or requests for relief to which a responsive pleading is required.

53.     Paragraph 35 of Plaintiff's Master Petition contains no legal allegations or requests for relief to which a responsive pleading is required.

54.     To the extent the averments contained in paragraph 36 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 36.

55.     To the extent the averments contained in paragraph 37 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 37.

56.     To the extent the averments contained in paragraph 38 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 38.

57.     To the extent the averments contained in paragraph 39 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 39.



## IX.     COUNT FOUR - 402B MISREPRESENTATIONS
## MASTER PETITION

58.     Paragraph 40 of Plaintiff's Master Petition contains no legal allegations or requests for relief to which a responsive pleading is required.

59.     To the extent the averments contained in paragraph 41 of Plaintiff's Master Petition are directed at this Defendant, they are denied.

60.     To the extent the averments contained in paragraph 42 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 42.

61.     To the extent the averments contained in paragraph 43 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 43.

62.     To the extent the averments contained in paragraph 44 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 44.

63.     To the extent the averments contained in paragraph 45 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 45.

64.     To the extent the averments contained in paragraph 46 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without



knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 46.

## X.  COUNT FIVE – FRAUD - MASTER PETITION

65.     Paragraph 47 of Plaintiff's Master Petition contains no legal allegations or requests for relief to which a responsive pleading is required.

66.     Paragraph 48 of Plaintiff's Master Petition contains no legal allegations or requests for relief to which a responsive pleading is required.

67.     To the extent the averments contained in paragraph 49 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 49.

68.     To the extent the averments contained in paragraph 50 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 50.

69.     To the extent the averments contained in paragraph 51 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 51.

70.     To the extent the averments contained in paragraph 52 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 52.



71.     To the extent the averments contained in paragraph 53 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 53.

## XI.  COUNT SIX – CIVIL CONSPIRACY – MASTER PETITION

72.     Paragraph 54 of Plaintiff's Master Petition contains no legal allegations or requests for relief to which a responsive pleading is required.

73.     Paragraph 55 of Plaintiff's Master Petition contains no legal allegations or requests for relief to which a responsive pleading is required.

74.     To the extent the averments contained in paragraph 56 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 56.

75.     To the extent the averments contained in paragraph 57 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 57.

76.     To the extent the averments contained in paragraph 58 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 58.

77.     To the extent the averments contained in paragraph 59 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without



knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 59.

78.    To the extent the averments contained in paragraph 60 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 60.

## XII.  COUNT SEVEN – BREACH OF CONTINUING DUTY TO WARN
### MASTER PETITION

79.    Paragraph 61 of Plaintiff's Master Petition contains no legal allegations or requests for relief to which a responsive pleading is required.

80.    To the extent the averments contained in paragraph 62 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 62.

81.    To the extent the averments contained in paragraph 63 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 63.

82.    To the extent the averments contained in paragraph 64 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 64.

83.    To the extent the averments contained in paragraph 65 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without



knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 65.

84.    To the extent the averments contained in paragraph 66 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 66.

### XIII.  COUNT EIGHT – BREACH OF EXPRESS WARRANTIES MASTER PETITION

85.    Paragraph 67 of Plaintiff's Master Petition contains no legal allegations or requests for relief to which a responsive pleading is required.

86.    Paragraph 68 of Plaintiff's Master Petition contains no legal allegations or requests for relief to which a responsive pleading is required.

87.    To the extent the averments contained in paragraph 69 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 69.

88.    To the extent the averments contained in paragraph 70 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 70.

89.    To the extent the averments contained in paragraph 71 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 71.



90.    To the extent the averments contained in paragraph 72 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 72.

91.    To the extent the averments contained in paragraph 73 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 73.

92.    To the extent the averments contained in paragraph 74 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 74.

## XIV.  <u>COUNT NINE – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE – MASTER PETITION</u>

93.    Paragraph 75 of Plaintiff's Master Petition contains no legal allegations or requests for relief to which a responsive pleading is required.

94.    To the extent the averments contained in paragraph 76 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 76.

95.    To the extent the averments contained in paragraph 77 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 77.



96.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 78 of Plaintiff's Master Petition.

97.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 79 of Plaintiff's Master Petition.

98.     To the extent the averments contained in paragraph 80 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 80.

### XV.  COUNT TEN – BREACH OF IMPLIED WARRNATY OF MERCHANTABILITY – MASTER PETITION

99.     Paragraph 81 of Plaintiff's Master Petition contains no legal allegations or requests for relief to which a responsive pleading is required.

100.    To the extent the averments contained in paragraph 82 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 82.

101.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 83 of Plaintiff's Master Petition.

102.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 84 of Plaintiff's Master Petition.

103.    To the extent the averments contained in paragraph 85 of Plaintiff's Master Petition are directed at this Defendant, they are denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining averments contained in paragraph 85.



## XVI.  THE WRONGFUL DEATH ACT AND SURVIVAL STATUTE
### MASTER PETITION

104.    Paragraph 86 of Plaintiff's Master Petition state conclusions of law to which no responsive pleading is required.

105.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 87 of Plaintiff's Master Petition.

## XVII.  DAMAGES APPLICABLE TO ALL COUNTS
### MASTER PETITION

106.    Paragraph 88 of Plaintiff's Master Petition contains no legal allegations or requests for relief to which a responsive pleading is required.

107.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 89 of Plaintiff's Master Petition.

108.    The final paragraph in this section of Plaintiff's Master Petition is a request for jury trial to which no response is required.

109.    Defendant denies the averments contained in the prayer of Plaintiff's Master Petition.

## FIFTH DEFENSE

110.    Defendant pleads that he is not liable in the capacity in which he has been sued;

## SIXTH DEFENSE

111.    Defendant pleads that Plaintiff is not entitled to recover in the capacity in which he has sued;

## SEVENTH DEFENSE

112.    Defendant pleads that no agency, contract, or similar relationship exists now or did exist between this Defendant and the Defendant-Manufacturers such as to



give rise to any legal responsibility to this Defendant for any conduct or product of the Defendant-Manufacturers;

## EIGHTH DEFENSE

113.    Defendant pleads that he is not liable under any theory of vicarious or derivative liability for the conduct or products of any other defendant, nor does any other theory of liability support the imposition of responsibility on this Defendant for the conduct or products of others.

## NINTH DEFENSE

114.    Defendant further pleads that Plaintiff has failed to state a cognizable strict liability cause of action under Texas law for the reason that no "sale" of prescription medications took place in the physician-patient relationship between the Plaintiff-patient and Defendant.

## TENTH DEFENSE

115.    Defendant further pleads that Plaintiff has failed to state a cognizable strict liability cause of action under Texas law for the reason that no "distribution" of prescription medications occurred in the physician-patient relationship between the Plaintiff-patient and Defendant.

## ELEVENTH DEFENSE

116.    Defendant further pleads that Plaintiff has failed to state a cognizable cause of action under any theory of law relating to strict products liability, breach of warranty, misrepresentation, or other theory for the reason that Defendant is not, and was not, a distributor, retailer, seller, or marketer of prescription medications, nor was Defendant an agent or representative of the prescription medications manufacturers.



## TWELFTH DEFENSE

117.    Defendant further pleads that Plaintiff has failed to state a cognizable cause of action under Texas law relating to consumer protection actions or for other non-medical causes of action for the reason that such causes of action are barred by the Medical Liability and Insurance Improvement Act of Texas.

## THIRTEENTH DEFENSE

118.    Defendant further pleads that Plaintiff has failed to state a cognizable cause of action under Texas law and any theory of breach of warranty for the reason that such cause of action is barred by the common law of the State of Texas, and Defendant pleads further that no warranties or guarantees, express or implied, were given by this Defendant.

## FOURTEENTH DEFENSE

119.    Defendant further pleads that Plaintiff has failed to state a cognizable cause of action for fraud, misrepresentation, breach of warranty, or any other theory arising from representations made or allegedly made by Defendant, or disclosures not made or allegedly not made, for the reason that all such theories of recovery are subsumed under the sole theory of negligence and informed consent under the Medical Liability and Insurance Improvement Act of Texas.

## FIFTEENTH DEFENSE

120.    Defendant further pleads that any injury or damages alleged or sustained by Plaintiff are the result of pre-existing medical or psychological conditions or disabilities that are in no way the responsibility of this Defendant; thus, this Defendant has no legal responsibility for any injury or damages alleged or sustained by Plaintiff as a result of any



medical or psychological condition or disease process over which this Defendant exercised no control.

## SIXTEENTH DEFENSE

121.   Defendant pleads that he is entitled to rely upon the punitive damages limitations provisions available in Texas law in response to any claim by Plaintiff seeking punitive or exemplary damages.

## SEVENTEENTH DEFENSE

122.   Defendant pleads that he is entitled to rely upon the applicable provisions of the Federal and Texas Constitutions that govern the award of punitive damages. Thus, Defendant pleads that such awards may contravene the Excessive Fines Clause of the Federal Constitution, the Equal Protection and Due Process Clauses of the Federal Constitution, the Equal Protection and Due Process Clauses of the Texas Constitution, and any other such provision now or hereafter deemed applicable to the award of such damages.

## EIGHTEENTH DEFENSE

123.   Defendant pleads the provisions of Article 4590i of the Texas Revised Civil Statutes, which limit the amount of damages recoverable in this suit except for past and future medical expenses.

## NINETEENTH DEFENSE

124.   Defendant pleads the provision of Article 4590i of the Texas Revised Civil Statutes, which requires that Plaintiff provide 60 days' notice prior to filing a suit in any court of this state based upon a health care liability claim.



### TWENTIETH DEFENSE

125.   Defendant pleads that Plaintiff has failed to meet all conditions precedent to filing this action under Article 4590i of the Texas Revised Civil Statutes.

### TWENTY-FIRST DEFENSE

126.   Defendant further pleads that Plaintiff has failed to meet all conditions precedent to filing this action, including but not limited to, failing to provide timely notice to Defendant of any alleged breach of warranty.

### TWENTY-SECOND DEFENSE

127.   Pleading further, Defendant invokes his legal right to a reduction of any dollar verdict that may be rendered in this cause by credit for payments made by other persons or entities or by percentage reductions to which Defendant would be entitled as a result of jury findings against other persons or entities.  In this connection, Defendant reserves the right under Texas common law and the Texas Civil Practice and Remedies Code to submit issues against parties who may be present in this case or absent from the case at the time the matter is passed to the jury for fact determinations.

### FIRST AFFIRMATIVE DEFENSE

128.   Defendant affirmatively pleads that the causes of action alleged by Plaintiff are barred by the applicable statutes of limitations and/or by the doctrines of laches, waiver and estoppel.

### SECOND AFFIRMATIVE DEFENSE

129.   Defendant affirmatively pleads that the causes of action alleged by Plaintiff are barred by the provisions of the Texas Statute of Frauds.



## THIRD AFFIRMATIVE DEFENSE

130.    Defendant affirmatively pleads that he is entitled to rely upon those legal defenses and theories of confession and avoidance, defense, or allocation of damages variously known as contributory negligence, assumption of the risk, act of God, unavoidable accident, failure to mitigate damages, and all other legal and equitable concepts that are applicable to avoid or shift legal responsibilities or damages.

## FOURTH AFFIRMATIVE DEFENSE

131.    Defendant affirmatively pleads that he is entitled to rely upon those legal defenses and theories relevant to the issue of causation, either producing or proximate, that are variously known as superseding cause, intervening cause, sole proximate cause, assumption of the risk, and all similar legal and equitable theories to establish the absence of the required elements of causation requisite to Plaintiff's theories of recovery.



WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by reason of this suit, that all costs be taxed against Plaintiff, and that Defendant has such other, further, or alternative relief to which Defendant may be legally or equitably entitled.

Respectfully submitted,

CRUSE, SCOTT, HENDERSON & ALLEN, L.L.P.

"Original Signature on File with Filing Attorney"


By:_____
    Jay H. Henderson
    State Bar No.: 09424050
    Federal ID No.: 1431
    T. Scott Allen, Jr.
    State Bar No.: 01059700
    Federal ID No.: 0064
    2777 Allen Parkway, 7th Floor
    Houston, Texas 77019
    (713) 650-6600 (Telephone)
    (713) 650-1720 (Telecopier)

ATTORNEYS FOR DEFENDANT,
DR. DAVID WASSERMAN



## CERTIFICATE OF SERVICE

I, Jay H. Henderson, hereby certify that a true and correct copy of the above and foregoing has been provided to opposing counsel in accordance with the applicable Federal Rules of Civil Procedure on this 15th day of April, 2004.

"Original Signature on File with Filing Attorney"

_____
Jay H. Henderson

Richard N. Laminack
Buffy K. Martines
O'Quinn, Laminack & Pirtle
440 Louisiana, Suite 2300
Houston, Texas  77002

Gerry Lowry
Julie A. Hardin
Fulbright & Jaworski, L.L.P.
1301 McKinney, Suite 5100
Houston, Texas  77010

Brian P. Johnson
Johnson Spalding Doyle West & Trent
910 Travis Street, Suite 1700
Houston, Texas  77002

Gene M. Williams
Mehaffy & Weber
2615 Calder, Suite 800
Beaumont, Texas  77702